IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James C. Whaley, #1001117, | ) | |
| a/k/a James Carl Whaley, #357132, | ) | |
| | ) | C.A. No. 4:23-4594-HMH-TER |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Nick Gallam, Detention Captain, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III made in accordance with 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02.[1] Petitioner James C. Whaley ("Whaley") is a detainee at the Aiken County Detention Center, where he is awaiting a civil commitment trial pursuant to the South Carolina Sexually Violent Predator Act ("SVPA"), S.C. Code Ann. §§ 44-48-10 to -170. He appears to seek habeas relief on the ground that his guilty plea in a 2008 state criminal case was not knowingly and intelligently made. Magistrate Judge Rogers filed his Report and Recommendation on October 19, 2023, and recommends denying Whaley's habeas petition as time-barred under the Antiterrorism and Effective Death Penalty Act's one-year limitations period, 28 U.S.C. § 2244(d)(1). (R&R 5, ECF No. 12.)

---

[1] A report and recommendation carries no "presumptive weight," and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 271 (1976). The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions." 28 U.S.C. § 636(b)(1).

1

Whaley filed timely objections to the Report and Recommendation.[2] (Objs., ECF No. 14.) Objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections, the court reviews only for clear error, Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the report, Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Most of Whaley's objections are "general and conclusory" and "do not direct the court to a specific error in the [magistrate judge's] proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court, however, was able to glean two specific objections. First, Whaley argues that the magistrate judge erred in construing his petition as arising under 28 U.S.C. § 2254, rather than 28 U.S.C. § 2241. Second, Whaley contends that his petition is timely under the doctrine of equitable tolling.

Regarding the first objection, the court agrees with Whaley that his petition should be treated as a § 2241 petition. Whaley is not currently "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (emphasis added). Rather, he is being detained pursuant to a probable cause determination pending the outcome of his SVPA proceedings. See Aiken County Second Judicial Circuit Public Index, https://publicindex.sccourts.org/Aiken/PublicIndex/PISearch.aspx (search by case number "2020CP0201640") (last visited Nov. 14, 2023); see also S.C. Code Ann. § 44-48-80(D). Thus, because Whaley has not yet been adjudicated a sexually

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

violent predator, his status is akin to that of a pretrial detainee in a criminal case, and his habeas petition is properly brought under § 2241.  See In re Wright, 826 F.3d 774, 782 (4th Cir. 2016) (noting that persons in "pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction are able to take advantage of § 2241 relief" (internal quotation marks omitted)); United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) ("Pre-trial petitions for habeas corpus 'are properly brought under 28 U.S.C.A. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987))); see also Hiteshaw v. Butterfield, 262 F. App'x 162, 164 (11th Cir. Jan. 10, 2008) (unpublished) (holding that a petitioner "being held pursuant to a state court's pre-trial detention order resulting from the court's probable cause determination that he is a sexually violent predator" was "not in custody pursuant to any state court judgment" and that "his habeas petition should have been treated as a § 2241 petition").

     Despite this conclusion, the court nevertheless finds that Whaley's § 2241 petition is subject to dismissal.  To be eligible for relief under § 2241, a petitioner must first exhaust his state court remedies and show that "special circumstances" justify federal intervention.  Brazell v. Boyd, No. 92-7029, 1993 WL 98778, at *1 (4th Cir. Apr. 5, 1993) (unpublished) (citing Dickerson, 816 F.2d at 224-26).  Whaley fails to satisfy either requirement.  First, a review of state court records reveals – and Whaley concedes – that he did not challenge his 2008 guilty plea on direct appeal or in a post-conviction proceeding.  Second, the court has identified no "special circumstance[]" that warrants federal interference in Whaley's pending SVPA proceedings.  See id. at *2 ("[W]here a threat to the petitioner's rights may be remedied by an

3

assertion of an appropriate defense in state court no special circumstance is shown."); cf. Drayton v. Hayes, 589 F.2d 117, 121 (2d Cir. 1979) (observing that a petitioner asserting a double jeopardy claim could be entitled to pretrial habeas intervention because the "very constitutional right claimed . . . would be violated if he were compelled to raise his double jeopardy claim after the second trial").

Accordingly, after conducting a de novo review, the court declines to adopt Magistrate Judge Rogers' Report and Recommendation but dismisses Whaley's habeas petition for the reasons stated above.[3]

It is therefore

**ORDERED** that Whaley's § 2241 petition, docket number 1, is dismissed without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
November 20, 2023

---

[3] Having found that Whaley is not "in custody pursuant to the judgment of a State court," the court need not address Whaley's objection concerning the timeliness of his petition under 28 U.S.C. § 2244(d)(1).