IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James C. Whaley, #1001117,<br>a/k/a James Carl Whaley, #357132,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>Nick Gallam, Detention Captain,<br><br>　　　　　　Respondent. | C.A. No. 4:23-4594-HMH-TER<br><br>**OPINION & ORDER** |

    This matter is before the court upon Petitioner's pro se motion to alter or amend judgment made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  For the reasons set forth below, the court denies Petitioner's motion.

    On October 19, 2023, Magistrate Judge Rogers recommended that this court dismiss this action with prejudice.  (R&R, generally, ECF No. 12.)  Petitioner timely filed objections to the Report and Recommendation.  (Objs., generally, ECF No. 14.)[1]  After consideration, on November 20, 2023, the court declined to adopt the Report and Recommendation but dismissed the 28 U.S.C. § 2241 petition for failure to exhaust.  (Order, ECF No. 16.)  Subsequently, Petitioner filed a motion for reconsideration, which the court construes as a timely motion to alter or amend judgment under Fed. R. Civ. P. 59(e).  (Mot. Alter or Amend, ECF No 19.)  This matter is ripe for review.

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

A Rule 59(e) motion may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal quotation marks omitted).

Upon review, Petitioner does not identify any intervening change in controlling law, new evidence, or clear error of law. Instead, the court finds that Petitioner's motion merely restates his claims and reflects general disagreement with the court's order. Hutchinson, 994 F.2d at 1082 ("[M]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion.").

Based on the foregoing, the court finds that Petitioner has made no showing of error.

It is therefore

**ORDERED** that Petitioner's motion to alter or amend judgment, docket number 19, is denied.

**IT IS SO ORDERED.**

                                                        s/Henry M. Herlong, Jr.
                                                        Senior United State District Judge

Greenville, South Carolina
December 13, 2023

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.